FILED

October 18, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:13 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| Jimmy R. Dyer, | ) | Docket No.: 2016-05-0240 |
| Employee, | ) | |
| v. | ) | State File No.: 19766-2016 |
| Johnny Morris d/b/a Morris Logging, | ) | |
| Uninsured Employer. | ) | Judge Dale Tipps |
| | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS
### *(REVIEW OF THE FILE)*

---

This matter came before the undersigned workers' compensation judge on October 14, 2016, on the Request for Expedited Hearing filed by the employee, Jimmy Dyer, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Dyer is entitled to medical and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Dyer is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Dyer is not entitled to the requested medical and temporary disability benefits at this time.[1]

### History of Claim

A review of the file established the following facts. Mr. Dyer stated in his affidavit that, while working for Johnny Morris on April 13, 2015, he suffered an injury that resulted in the loss of four of his toes. Mr. Morris knew about the accident and injury when it occurred, but he provided no workers' compensation benefits. A second

---

[1] A complete listing of the technical record and exhibits considered by the Court is attached to this Order as an appendix.

1

affidavit executed by Mr. Dyer states that his average weekly wage was $500.00.

Records from Southern Tennessee Medical Center show that Mr. Dyer received treatment in the emergency department on April 13, 2015, for a right foot injury. He reported a large blade fell on his foot at work. When X-rays showed several fractures and toe amputations, Mr. Dyer was transferred to Erlanger hospital.

Emergency room records from Erlanger show that Mr. Dyer's foot was caught in a skidder machine at work. The attending physician brought in Dr. Dale Ingram for a consultation, and Dr. Ingram formalized the traumatic amputations of three toes. He also instructed Mr. Dyer to return for follow up in seven to ten days.

Mr. Dyer returned to Southern Tennessee Medical Center on April 15, complaining of swelling and bleeding at the amputation site of three of his toes. The attending physician diagnosed cellulitis secondary to a wound infection and prescribed antibiotics.

On October 28, 2015, Mr. Dyer saw Dr. Nick Richardson for complaints of significant pain in one of his remaining toes. Dr. Richardson recommended amputation of this toe, which was performed on November 17, 2016.

Mr. Dyer filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Dyer filed a Request for Expedited Hearing and asked the Court to issue a ruling based on a review of the file without an evidentiary hearing. The Court issued a Docketing Notice on September 27, 2016, identifying the documents it received for review and advising the parties that they had until October 7, 2016, to object to the admissibility of any of those documents. However, because USPS tracking showed that Mr. Morris did not receive the Docketing Notice until October 7, the Court extended the date for him to respond to the notice until October 14. Mr. Morris filed no response.

In his affidavit, Mr. Dyer alleged he suffered an injury in the course of his work for Mr. Morris on April 13, 2015. He contends that Mr. Morris had no workers' compensation insurance and provided no medical treatment or other workers' compensation benefits.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in the posture of an Expedited Hearing, Mr. Dyer need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9

2

(Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court can determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

Applying these principles to the facts of this case, the Court cannot find at this time that Mr. Dyer appears likely to prevail at a hearing on the merits. It is undisputed that Mr. Dyer was injured while working for Mr. Morris on April 13, 2015. If Mr. Morris is an employer within the meaning of the Workers' Compensation Law, Mr. Dyer may be entitled to benefits. However, the Court cannot simply assume Mr. Morris is an employer subject to the terms of workers' compensation statute.

Tennessee Code Annotated section 50-6-102(13) (2015) provides:

"Employer" includes any individual, firm, association or corporation, the receiver or trustee of the individual, firm, association or corporation, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay, except as provided in § 50-6-902, and, in the case of an employer engaged in the mining and production of coal, one (1) employee for pay.

Tennessee Code Annotated section 50-6-902(a) further states in relevant part: "[A]ll construction services providers shall be required to carry workers' compensation insurance on themselves. The requirement set out in this subsection (a) shall apply whether or not the provider employs fewer than five (5) employees."

Nothing in Mr. Dyer's affidavits or any of the other materials submitted address the question of whether Mr. Morris employed at least five persons for pay at the time of the accident. Similarly, the Court received no information as to whether Mr. Morris was a "construction services provider" as contemplated by section 50-6-902(a). In the absence of any information regarding Mr. Morris' business, the Court cannot find Mr. Dyer is likely to meet his burden of proving entitlement to workers' compensation benefits.

Therefore, as a matter of law, Mr. Dyer has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr.Dyer's claim against Mr. Morris for the requested benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on December 6, 2016, at 9:00 a.m.

3

**ENTERED this the 18th day of October, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavits of Mr. Dyer,
2. Erlanger Medical Center Billing Records,
3. Southern Tennessee Medical Center Emergency Room Bill,
4.  Rural Metro Billing Record,
5. Southern Tennessee Medical Center Billing Records,
6. Southern Tennessee Medical Center Medical Records, and
7. Erlanger Health System Medical Records.

Technical record:
1. Petition for Benefit Determination,
2. Dispute Certification Notice, and
3. Request for Expedited Hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 18th day of October, 2016.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Address |
|---|---|---|---|---|---|
| Joseph E. Ford, Attorney | | | | X | Joseph.ford@mcbeeandford.com cc: christine.mcgill@mcbeeandford.com |
| Johnny Morris, Employer | X | | | | Morris Logging 210 Morris Farm Land Hillsboro, TN 37342 |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**